IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE PENNSYLVANIA STATE TROOPERS ASSOCIATION, BRUCE A. EDWARDS, JOSEPH E. SARKIS, JOSEPH M. PLANT, GERALD E. WILLIAMS, JR., DAVID M. BOVA, and JAMES A. SEAMON, Plaintiffs | : : : : : : : : | CIVIL ACTION NO. 1:09-CV-1748 Chief Judge Kane |
| v. | : : | |
| FRANK E PAWLOWSKI, Individually and as Commissioner of the Pennsylvania State Police, JOHN R. BROWN, Individually and as Deputy Commissioner of the Pennsylvania State Police, and JEFFREY B. MILLER, Individually and as Commissioner of the Pennsylvania State Police, Defendants | : : : : : : : : : : | |

## MEMORANDUM ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On December 9, 2010, the Court ordered the parties to show cause by letter why the Court should not stay proceedings in this matter pending the resolution of <u>Borough of Duryea, et al. v. Guarnieri</u>, No. 09-1476, by the United States Supreme Court. (Doc. No. 34.) On December 17, 2010, Plaintiffs informed the Court that they did not oppose a stay. (Doc. No. 35.) Likewise, on December 20, 2010, Defendants advised that they support a stay of these proceedings. (Doc. No. 36.) For the reasons stated herein, the Court will issue a temporary stay of these proceedings.

"A trial court may, with propriety, find it is efficient for its own docket and the fairest

1

course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." Leyva v. Certified Grocers of Cal., Ltd., 593 F.2d 857, 863-64 (9th Cir. 1979). In determining whether to grant a stay, courts should consider: (1) the length of the requested stay; (2) the "hardship or inequity" that the movant would face in going forward with the litigation; (3) the injury that a stay would inflict upon the non-movant; (4) whether a stay will simplify issues and promote judicial economy. See Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936); CTF Hotel Holdings, Inc. v. Marriott Int'l, Inc., 381 F.3d 131, 135-36 (3d Cir. 2004).

These unusual circumstances belie Gladstone's[1] admonition that "justice delayed is justice denied." As the Court indicated in its show cause order, the equities in this matter indicate that a stay is warranted. (Doc. No. 34 at 2-3.) The question presented to the Supreme Court in Duryea, was previously the subject of a motion to dismiss in this action. (Doc. No. 14 at 2-5.) The Supreme Court's decision has the potential to dramatically alter the course of this action, and may obviate the need for further proceedings entirely. Even if the Supreme Court affirms the Third Circuit's singular understanding of the petition clause, a brief delay[2] will provide this litigation with welcome certainty on a difficult question. Perhaps more importantly, it is of no benefit to either party to incur substantial costs litigating an issue that the Supreme Court may very well determine is not actionable in the course of these proceedings. Ultimately, on the central issue in this case, ten courts of appeal have reached a conclusion at odds with the

---

[1] John Bartlett, Bartlett's Familiar Quotations 472 (17th ed. 2002) (attributed).

[2] The Supreme Court granted the writ of certiorari in Duryea on October 12, 2010. Briefing is underway, with petitioners and amicus curiae having filed merits briefs at the beginning of December. Respondents' brief will be due in January 2011. Although no argument date has been set, this Court may avert the risk of undue delay in this matter by revisiting the stay in a reasonable time.

2

Third Circuit. The Supreme Court has taken the unusual step of granting a writ of certiorari on a non-precedential opinion from the Third Circuit addressing that very issue. Therefore, a stay of the proceedings is warranted.

**ACCORDINGLY**, on this 3rd day in January 2011, **IT IS HEREBY ORDERED** that these proceedings are temporarily stayed pending the resolution of Borough of Duryea, et al. v. Guarnieri, No. 09-1476, by the United States Supreme Court. If the Supreme Court has not rendered a decision in Duryea within 180 days of the date of this order, this Court will schedule a status conference for the purpose of determining whether the stay should be lifted.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania