**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **THE PENNSYLVANIA STATE** | : | |
| **TROOPERS ASSOCIATION, BRUCE** | : | |
| **A. EDWARDS, JOSEPH E. SARKIS,** | : | |
| **JOSEPH M. PLANT, GERALD E.** | : | |
| **WILLIAMS, JR., DAVID M. BOVA,** | : | |
| **and JAMES A. SEAMON,** | : | **CIVIL ACTION NO. 1:09-CV-1748** |
| **Plaintiffs** | : | |
| | : | **Chief Judge Kane** |
| **v.** | : | |
| | : | |
| **FRANK E PAWLOWSKI, Individually** | : | |
| **and as Commissioner of the Pennsylvania** | : | |
| **State Police, JOHN R. BROWN,** | : | |
| **Individually and as Deputy Commissioner** | : | |
| **of the Pennsylvania State Police, and** | : | |
| **JEFFREY B. MILLER, Individually and** | : | |
| **as Commissioner of the Pennsylvania** | : | |
| **State Police,** | : | |
| **Defendants** | : | |

## MEMORANDUM

Before the Court is Defendants' motion to dismiss Plaintiffs' Amended Complaint

pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 29.) Following a stay of this

matter pending the United States Supreme Court's resolution of <u>Borough of Duryea v. Guarnieri</u>,

131 S. Ct. 2488 (2011), and supplemental briefing in light of that opinion, Defendants' motion is

now ripe for disposition. For the reasons that follow, the Court will grant Defendants' motion to

dismiss in part.

I.      **BACKGROUND**

        A.      **Factual Background**

This case arises from a conflict between the Pennsylvania State Troopers Association and

the leadership of the Pennsylvania State Police.  Plaintiffs are all members of the PSP and hold

leadership positions within the PSTA.[1]

The PSTA had been party to a collective bargaining agreement with the Commonwealth

of Pennsylvania for over thirty years.  (Doc. No. 28 ¶ 17.)  On June 30, 2008, the CBA expired

and the parties to the CBA proceeded to binding Act 111 interest arbitration.  (Id. ¶ 24.)  Under

the terms of the CBA, the parties agreed to, and in fact established, a grievance process for the

enlisted members of the PSP.  (Id.)  The grievance process called for the filing of a formal

grievance, which the PSTA Grievance Committee could ultimately submit to an arbitrator.  (Id.)

Through this procedure approximately 200 grievances are processed annually.  (Id. ¶ 18.)

Plaintiffs allege that since 2007 Defendants have engaged in retaliation against Plaintiffs in

response to their decisions regarding the presentation of grievances filed by members of the

PSTA as well as for a variety of individual grievances and actions.  For ease of understanding,

the Court will outline any relevant facts as they relate to each individual Plaintiff when reviewing

the merits of their claims.

###    B.    Procedural History

Plaintiffs filed suit in this Court on September 10, 2009.  (Doc. No. 1.)  In their

complaint, Plaintiffs asserted fourteen claims against Defendants including: (1) five First

---

[1] Plaintiff Joseph Sarkis is a Corporal in the PSP and at all relevant times served as Vice President of the PSTA and Chairman of the PSTA Grievance Board.  (Doc. No. 28 ¶ 2.)  Plaintiff Joseph Plant is a Trooper First Class in the PSP and at all relevant times served on the PSTA Board of Directors, the PSTA Grievance Board, and as a local union official.  (Id. ¶ 3.)  Plaintiff Gerald Williams is a Corporal in the PSP and at all relevant times served on various PSTA Committees and as a local union officer and representative.  (Id. ¶ 4.)  Plaintiff David Bova is a Corporal in the PSP and at all relevant times served on various PSTA Committees and the PSTA Board of Directors.  (Id. ¶ 5.)  Plaintiff James Seamon is a Corporal in the PSP and at all relevant times served on the PSTA Board of Directors, as a local union officer, and on various other committees.  (Id. ¶ 6.)

Amendment retaliation claims brought pursuant to 42 U.S.C. § 1983 against Defendants in their individual capacities; (2) five First Amendment retaliation claims brought pursuant to 42 U.S.C. § 1983 against Defendants in their official capacities; (3) three claims brought pursuant to the Pennsylvania Whistleblower's Act, 43 P.S. § 1421, against Pawlowski and Brown in their individual capacities; and (4) one First Amendment retaliation claim brought pursuant to 42 U.S.C. § 1983 raised on behalf of the Pennsylvania State Troopers Association against Defendants in their official capacities.  (Id.)

Defendants responded with a motion to dismiss pursuant to Rule 12(b)(6), or in the alternative for a more definite statement pursuant to Rule 12(e).  (Doc. No. 13.)  On June 16, 2010, following briefing and oral argument, the Court granted in part and denied in part Defendants' motion.  (Doc. No. 27.)  Specifically, the Court dismissed claims by Plaintiff Edwards, dismissed all claims brought pursuant to the Pennsylvania Whistleblower Law, and dismissed Defendant Miller from Count XIV.  (Id. at 19.)  The Court further ordered Plaintiffs to file an amended complaint to clarify which activities they allege merit First Amendment protection and motivated Defendants' retaliatory actions.  (Id. at 13.)  The Court further directed Plaintiffs to provide more factual allegations regarding all complaints outside the official CBA grievance process that they believe should be characterized as petitions.  (Id.)

On July 15, 2010, Plaintiffs filed an amended complaint.  (Doc. No. 28.)  Defendants again moved to dismiss for failure to state a claim.  (Doc. No. 29.)  While that motion was pending, the United States Supreme Court granted certiorari in the matter of Borough of Duryea v. Guarnieri, to review a decision of the United States Court of Appeals for the Third Circuit regarding whether petitioning activity must address a matter of public concern to be entitled to First Amendment protection.  In light of the potential impact that decision could have on the

present matter, on December 9, 2010, the Court ordered the parties to show cause why the Court should not stay proceedings in this matter pending the resolution of Duryea by the United States Supreme Court. (Doc. No. 34.) On December 17, 2010, Plaintiffs informed the Court that they did not oppose a stay. (Doc. No. 35.) Likewise, on December 20, 2010, Defendants advised that they would support a stay of these proceedings. (Doc. No. 36.) On June 20, 2011, the Supreme Court issued an opinion in Duryea, and this Court lifted the stay on that date. (Doc. No. 38.) The Court ordered supplemental briefing in light of the Supreme Court's decision (Doc. No. 41), which was completed on September 12, 2011 (Doc. Nos. 42, 43).

## II.    STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint, Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). In reviewing a motion to dismiss, a court may "consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." Lum v. Bank of Am., 361 F.3d 217, 221 n.3 (3d Cir. 2004). The motion will only be properly granted when, taking all factual allegations and inferences drawn therefrom as true, the moving party is entitled to judgment as a matter of law. Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990). The burden is on the moving party to show that no claim has been stated. Johnsrud v. Carter, 620 F.2d 29, 33 (3d Cir. 1980). Thus, the moving party must show that the plaintiff has failed to "set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that those elements exist." Kost, 1 F.3d at 183 (citations omitted). A court, however, "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906, 908 (3d Cir. 1997). While the Rule 12(b)(6) standard does not require "detailed factual allegations," there must be a "'showing,'

rather than a blanket assertion of entitlement to relief. . . . '[F]actual allegations must be enough to raise a right to relief above the speculative level.'" Phillips v. County of Allegheny, 515 F.3d 224, 231-32 (3d Cir. 2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Put otherwise, a civil complaint must "set out 'sufficient factual matter' to show that the claim is facially plausible." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1955 (2009)).

## III.   DISCUSSION

Plaintiffs have filed an eleven count[2] amended complaint.  (Doc. No. 28.)  The amended complaint raises Section 1983 claims against Pawlowski and Brown in both their individual and official capacities by each individual Plaintiff.  (Id.)  In addition, it raises a Section 1983 claim against Pawlowski and Brown in their official capacity by the PSTA.  (Id.)  In the wake of the Supreme Court's decision in Duryea, Defendants contend that Plaintiffs' claims are not based on protected petitioning activity, and thus are not entitled to protection under the First Amendment. The Court will first consider the continuing viability of Plaintiffs' claims premised on the Petition Clause of the First Amendment.  The Court will then consider the remaining claims premised on the freedom of association.

### A.   Petition Clause Claims

The bulk of Plaintiffs' claims concern whether Defendants retaliated against Plaintiffs for Plaintiffs having exercised their rights under the Petition Clause of the First Amendment.  "In order to plead a retaliation claim under the First Amendment, a plaintiff must allege: (1)

[2] Defendants, in their brief in support, continue to refer to the counts as they were enumerated in Plaintiffs' initial complaint.  (Doc. No. 30.)  As such, the brief refers to Counts I-IV, VI-VII, IX-XII, and XIV.  (Id.)  However, the Court will refer to counts as they were identified in Plaintiffs' first amended complaint.

constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary

firmness from exercising his constitutional rights, and (3) a causal link between the

constitutionally protected conduct and the retaliatory action."  Thomas v. Independence Twp.,

463 F.3d 285, 296 (3d Cir. 2006).  In support of their motion to dismiss, Defendants argue that in

light of the United States Supreme Court's decision in Duryea, 131 S. Ct. 2488, Plaintiffs'

alleged petitioning activity is no longer entitled to protection under the First Amendment and

cannot, therefore, form the basis of a First Amendment retaliation claim.  The Court will first

review the state of the law regarding the Petition Clause, and will then consider whether the

allegations raised by Plaintiffs can support a claim.

>    1.    *Petition Clause Framework*

The Petition Clause of the First Amendment "protects the right of individuals to appeal to

courts and other forums established by the government for resolution of legal disputes."  Duryea,

131 S. Ct. at 2494.  Prior to the Supreme Court's decision in Duryea the United States Court of

Appeals for the Third Circuit held that "[c]ontrary to the requirements for speech protection . . .,

when a formal petition is made, the employee need not show that the subject matter of the

petition involved a matter of public concern."   Foraker v. Chaffinch, 501 F.3d 231, 236 (3d Cir.

2007).  However, in Duryea the Supreme Court rejected the Third Circuit's rule.  The Supreme

Court found that "[i]n light of the government's interests in the public employment context, it

would be surprising if Petition Clause claims by public employees were not limited as necessary

to protect the employer's functions and responsibilities."  Duryea, 131 S. Ct. at 2497.  Therefore,

the Court concluded that the "matter of public concern" framework governing claims raised

pursuant to the First Amendment's Speech Clause must also be used to resolve claims raised

pursuant to the First Amendment's Petition Clause.  Id.

Under the well-settled framework governing claims raised under the Speech Clause, "when a public employee speaks not as a citizen upon matters of public concern, but instead as an employee upon matters only of personal interest, absent the most unusual circumstances, a federal court is not the appropriate forum in which to review the wisdom of a personnel decision taken by a public agency allegedly in reaction to the employee's behavior." Connick v. Myers, 461 U.S. 138, 147 (1983).  In determining whether a public employee's grievance relates to a matter of public concern, the Court must consider "'the content, form, and context of the petition, as revealed by the whole record.'"  Duryea, 131 S. Ct. at 2501 (quoting Connick, 461 U.S. at 147-48).  Notably, the Supreme Court in Duryea advised that "[a] petition filed with an employer using an internal grievance procedure in many cases will not seek to communicate to the public or to advance a political or social point of view beyond the employment context."  Id.

Before addressing the individual Plaintiffs' claims, the Court pauses to address Plaintiffs' claim that because the Commonwealth of Pennsylvania has created a statutory grievance procedure, the Commonwealth has expressed a public policy in favor of the grievance procedure, and thus grievances filed pursuant to that procedure must necessarily be protected.  Plaintiffs attempt to prove too much with this argument.  That a procedure is a matter of public debate would only serve to provide First Amendment protection if the subject of the speech concerned the procedure in question.  See, e.g., Id. at 2493.  Adopting a rule cloaking any employee grievance on any subject no matter how mundane, obscure, or frivolous[3] with the protections of the First Amendment because a state has adopted a procedure for filing such grievances would

---

[3] As explained by Plaintiffs, "literally every effort to resolve disputes" involving a member of the Pennsylvania State Police is entitled to protection under the Petition Clause of the First Amendment.  (Doc. No. 42 at 8.)

turn the public concern requirement on its head.  Plaintiffs have failed to cite to any case, statute, or even law review article that would support their expanded reading of the public concern requirement.  Indeed, it is noteworthy that the United States Congress provided the plaintiff in Duryea a means to process his grievance – a lawsuit pursuant to 42 U.S.C. § 1983 – yet the Supreme Court still required the plaintiff to show that the content of his lawsuit related to a matter of public concern.  Id. at 2501.  Accordingly, the Court must reject this argument.

    *2. Plaintiffs' Claims*

  Upon a review of the relevant case law, it is clear that Plaintiffs' alleged petitioning activity relates to matters best characterized as private employment disputes, rather than petitions filed in an effort to "advance a political or social point of view beyond the employment context." Id.

    a. Plaintiff Sarkis

  In Counts I and II of the amended complaint, Plaintiff Sarkis alleges he was retaliated against because: (1) he filed an increased number of grievances; (2) he petitioned to be granted leave to perform union functions; and (3) he petitioned for an increased wage.  (Doc. No. 28 ¶ 53.)  Plaintiffs do not argue that Sarkis's grievance activity relates to a matter of public concern, nor could they.  These grievances concern nothing more than the terms and conditions of his employment, as well as other police officers for whom Sarkis filed grievances.  Further, the grievances were not communicated to the public, nor is there any indication that Sarkis intended them to be made public.  Rather, they were filed pursuant to the normal procedure for handling internal employment disputes.  Such activity falls squarely within the Supreme Court's holding that a public employee's right to participate in the democratic process pursuant to the Petition Clause "is not a right to transform everyday employment disputes into matters for constitutional

litigation in the federal courts." Duryea, 131 S. Ct. 2501; see also United States v. Treasury

Emps., 513 U.S. 454, 466 (1995) (holding that a speech that "involves nothing more than a

complaint about a change in the employee's own duties" does not concern a matter of public

concern).  In the absence of any allegations that these grievances relate to a matter of public

concern, the Court must grant the motion to dismiss as to Sarkis's claims.

> b.      Plaintiff Plant

In Counts III and IV of the amended complaint, Plaintiff Plant alleges that disciplinary

action was taken against him by Defendants Pawlowski and Brown in retaliation for: (1) acting in

concert with Plaintiffs Sarkis and Bova regarding PSTA grievances; and (2) petitioning to Troop

Commander and Defendant Brown regarding Captain Oliphant bringing his personal trash to the

police station.  (Doc. No. 28 ¶ 79.)  Plaintiffs argue that the petitions regarding Captain Oliphant

bringing his personal trash to work and having "personnel assigned to the Troop P Wyoming

station" dispose of the trash does relate to a matter of public concern because it constitutes an

allegation of "misuse of state resources."  (Doc. No. 42.)

Of course, statements regarding the proper functioning of a governmental department is

of "considerable public importance." Czurlanis v. Albanese, 721 F.2d 98, 104 (3d Cir. 1983); see

also Baldassare v. New Jersey, 250 F.3d 188, 197 (3d Cir. 2001).  However, not every statement

touching in some way on the efficiency of government is properly characterized as relating to a

matter of public concern.  See, e.g., Chappel v. Montgomery Cnty. Fire Protection Dist. No. 1,

131 F.3d 564, 579 (6th Cir. 1997) (distinguishing "minor inefficiencies" from true matters of

public concern such as exposing "a critical revenue shortfall"); Barnes v. McDowell, 848 F.2d

725, 734 (6th Cir. 1988) ("The mere fact that public monies and government efficiency are

related to the subject of a public employee's speech do not, by themselves, qualify that speech as

being addressed to a matter of public concern."); <u>Berry v. Illinois Dep't of Human Servs.</u>, No. 00-cv-5538, 2003 U.S. Dist. LEXIS 19286, at *54 (N.D. Ill. Oct. 28, 2003) (granting defendant's motion for summary judgment and concluding that plaintiff's complaints about wasteful government spending did not relate to an issue of public concern because of "[t]he minor expenses involved, the lack of any allegations of fraud or corruption, and the internal form of the communication"). As explained by a panel of the United States Court of Appeals for the District of Columbia Circuit which included then-Judge Ruth Bader Ginsburg, charges that "management acted incompetently," are little more than "the quintessential employee beef." <u>Murray v. Gardner</u>, 741 F.2d 434, 438 (D.C. Cir. 1984) (holding that an FBI agent's statement regarding a plan to furlough one-third of the agents in a field office did not relate to a matter of public concern).

In the present matter, this Court previously found that Plaintiffs failed to allege facts to support a finding that Captain Oliphant bringing trash to work "was more than an annoyance to subordinate officers" or "constituted more than a de minimis disruption of official police activity." (Doc. No. 27 at 17.) Plaintiffs' amended complaint does not cure this defect. Nor do Plaintiffs make any allegations of any kind regarding the other grievances filed by Plant. Because Plaintiffs have failed to allege facts that would support a finding that the manner in which Captain Oliphant disposed of his personal trash at work was a matter of public concern and because Plaintiffs have not identified any other grievance that might qualify as such, the Court must find that Plant did not engage in protected activity. Accordingly, the Court must dismiss the Petition Clause claims raised by Plant.

<u>c.</u>  <u>Plaintiff Williams</u>

In Counts V and VI of the amended complaint, Plaintiff Williams alleges that Defendants

10

Pawlowski and Brown retaliated against him for: (1) having joined in the request that Plaintiff

Sarkis be released from duty and be compensated for union activities; (2) his participation in the

process of submitting a request to the Board of Arbitration concerning Plaintiff Sarkis's leave;

and (3) reporting to his superior officers that Captain Oliphant had disposed of personal trash at

work.  (Doc. No. 28 ¶¶ 97, 108-10.)  Plaintiffs do not contend that requests regarding the

conditions and terms of Sarkis's employment relate to matters of public concern.  Their sole

argument is that Williams's reports regarding Captain Oliphant's trash was a matter of public

concern.[4]  As explained previously, this complaint is not protected activity within the meaning of

the First Amendment.  Accordingly, the Court must grant Defendants' motion to dismiss the

Petition Clause claims raised by Williams.

### d.    Plaintiff Bova

In Counts VII and VIII of the amended complaint, Plaintiff Bova alleges that Defendants

Miller and Brown retaliated against Plaintiff because he: (1) approved an increasing number of

grievances in 2007[5] and 2008; and (2) continued to serve as a PSTA official.  (Doc. No. 28 ¶

136.)  Nowhere in the amended complaint does Bova include any indication that he ever filed a

---

[4] Plaintiffs, in their supplemental brief, also argue that "Williams points to a communication he made to other employees expressing cronyism within the commissioned ranks of the state police and expressing a lack of confidence in such individuals."  (Doc. No. 42 at 9.) Plaintiffs refer to an e-mail Williams sent to a "a bargaining unit member" in which he referred "the officers that run the PSP" as a "good-ole boy network."  (Doc. No. 28 ¶ 95.)  It is true that corruption and cronyism would relate to matters of public concern.  However, there is no allegation in Plaintiffs' amended complaint that Williams was retaliated against for sending the e-mail, or that the content of the e-mail was made known to anyone other than the employee to whom Williams sent the email.  Accordingly, even if the Court did find the e-mail was protected activity, there are insufficient allegations to support a finding that the protected activity was the basis of the alleged retaliation.

[5] Plaintiff Bova did not join the Grievance Committee until January 2008, so it is unclear how he approved an increasing number of grievances in 2007.  (Doc. No. 28 ¶ 123.)

grievance that related to a matter of public concern.  Rather, the complaint indicates that Bova

filed job related grievances pursuant to the normal internal procedures for handling employment

disputes.  Indeed, the only grievance specifically mentioned in the complaint on which Bova is

alleged to have worked was a grievance "over a work rule change."  (Id. ¶ 128.)  Plaintiffs make

no effort to argue that Plaintiff Bova's grievances related to matters of public concern.

Accordingly, the Court must grant the motion to dismiss as to Bova's Petition Clause claims.

e.     Plaintiff Seamon

In Counts IX and X of the amended complaint, Plaintiff Seamon alleges that Defendants

Pawlowski and Brown retaliated against him because he: (1) voted to authorize a lawsuit against

Powlowski and Brown; (2) became increasingly active in reporting abuses by IAD investigators;

(3) reported Major Rice's violation of regulations; and (4) serves as a PSTA official.  (Doc. No.

28 ¶ 160.)  The only grievance that Plaintiffs contend relates to a matter of public concern is

Seamon's report that Major Rice violated regulations.  Specifically, in Plaintiffs' amended

complaint, Plaintiffs allege that Seamon informed a troop commander that Major John Rice

"routinely spent hours of his work day engaging in personal business such as exercise" in

violation of Field Regulation 1-2.06, which provides that members may not conduct personal

business while on duty.  (Id. at ¶¶ 152-53.)  These allegations amount to little more than internal

workplace squabbles, much like the complaints regarding Captain Oliphant's trash, which

standing alone do not support a finding that Seamon's grievances relate to a matter of public

concern.

f.     Plaintiff PSTA

With regard to the claims of the PSTA, Plaintiffs do not contend that the claims "flow

from a specific act taken against the PSTA qua the PSTA.  Rather they accumulate from the

12

actions taken against its members as detailed in the amended complaint."  (Doc. No. 32 at 17.)

Because Plaintiffs have failed to plead that a member of the PSTA engaged in protected First

Amendment petitioning, the "accumulate[d]" claims of the individual Plaintiffs cannot support a

finding that the PSTA engaged in petitioning activity protected by the First Amendment.

> **B.      Freedom of Association Claims**

Defendants did not address Plaintiffs' freedom of association claims in their brief in

support of their motion to dismiss.  Rather, the argument was raised for the first time in their

response to Plaintiffs' supplemental brief addressing the Supreme Court's decision in Duryea,

131 S. Ct. 2448.  (Doc. No. 43.)  Defendants' response to Plaintiffs' supplemental brief is similar

to a reply brief in that it was intended only to give Defendants an opportunity to respond to

Plaintiffs' arguments, and Plaintiffs did not have an opportunity to file a response to the brief.

United States v. Martin, 454 F. Supp. 2d 278, 281 n.3 (E.D. Pa. 2006) (stating the purpose of a

reply brief).  Because the party opposing a motion does not have an opportunity to respond to

reply briefs, or in this case responses to supplemental briefing, presenting new arguments therein

is improper and the Court should not consider such arguments.  Id. (declining "to address any

issue raised for the first time in a reply brief); United States v. Medeiros, 710 F. Supp. 106, 109

(M.D. Pa. 1989) ("It is improper for a party to present a new argument in [a] reply brief.").

Because Defendants did not present any argument regarding Plaintiffs' freedom of association

claims in their initial brief in support of their motion, the Court cannot grant the motion to

dismiss on these grounds.

> **IV.     LEAVE TO AMEND**

Plaintiffs argue that they should be granted leave to amend their complaint to comply

with the standard for pleading a claim under the Petition Clause of the First Amendment.  Rule

15 of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend a complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2).  In general, courts should liberally permit parties to amend their pleadings.  See Boileau v. Bethlehem Steel Corp., 730 F.2d 929, 938 (3d Cir. 1984).  In the absence of a finding of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, [or] futility of amendment," it is an abuse of discretion to deny leave to amend.  Foman v. Davis, 371 U.S. 178, 182 (1962); see also Arthur v. Maersk, Inc., 434 F.3d 196, 202-03 (3d Cir. 2006).  The Third Circuit has made clear that the touchstone for the denial of leave to amend is undue prejudice to the non-moving party. Lorenz v. CSX Corp., 1 F.3d 1406, 1413-14 (3d Cir. 1993).

As a general matter, the Court is loathe to grant leave to amend for a second time in a case that has been pending for over two years.  However, the Court finds the unique circumstances of this case justify permitting Plaintiffs to amend their complaint.  While the motion to dismiss was pending, the United States Supreme Court in Duryea struck down a longstanding rule of law in the Third Circuit that was central to the manner in which Plaintiffs pleaded and argued their case.  Because it is possible that Plaintiffs will be able to establish that their petitioning activity related to a matter of public concern as mandated by Duryea, the Court will grant Plaintiffs leave to amend their complaint.

## V.    CONCLUSION

Defendants' motion to dismiss as to Plaintiffs' freedom of association claim fails for Defendants failure to address these claims in its brief in support of the motion to dismiss. Regarding Plaintiffs' Petition Clause claims, because Plaintiffs failed to plead facts supporting a finding that any of Plaintiffs' petitioning activity was related to a matter of public concern, the

petitioning activity identified in their amended complaint is not entitled to protection under the

First Amendment.  Accordingly, their claims of retaliation raised pursuant to the Petition Clause

of the First Amendment must fail.  However, because the requirement that petitioning activity be

on a matter of public concern was not established in this Circuit until after the motion to dismiss

was filed, the Court will grant Plaintiffs leave to amend their complaint.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **THE PENNSYLVANIA STATE** | : | |
| **TROOPERS ASSOCIATION, BRUCE** | : | |
| **A. EDWARDS, JOSEPH E. SARKIS,** | : | |
| **JOSEPH M. PLANT, GERALD E.** | : | |
| **WILLIAMS, JR., DAVID M. BOVA,** | : | |
| **and JAMES A. SEAMON,** | : | **CIVIL ACTION NO. 1:09-CV-1748** |
| **Plaintiffs** | : | |
| | : | **Chief Judge Kane** |
| **v.** | : | |
| | : | |
| **FRANK E PAWLOWSKI, Individually** | : | |
| **and as Commissioner of the Pennsylvania** | : | |
| **State Police, JOHN R. BROWN,** | : | |
| **Individually and as Deputy Commissioner** | : | |
| **of the Pennsylvania State Police, and** | : | |
| **JEFFREY B. MILLER, Individually and** | : | |
| **as Commissioner of the Pennsylvania** | : | |
| **State Police,** | : | |
| **Defendants** | : | |

**ORDER**

**AND NOW**, on this 30th day of September 2011, **IT IS HEREBY ORDERED THAT**

Defendants' motion to dismiss (Doc. No. 29) is **GRANTED IN PART**.  Plaintiffs' claims

brought pursuant to the Petition Clause of the First Amendment are **DISMISSED WITHOUT**

**PREJUDICE**.  Plaintiffs shall be given leave to amend their complaint within twenty days of the

date of this order to cure the deficiencies identified in the accompanying memorandum.  If

Plaintiffs fail to timely amend their complaint, Defendants may move for the Court to dismiss

these claims with prejudice.  Defendants' motion to dismiss as to Plaintiffs' freedom of

association claims is **DENIED**.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania

16