IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE PENNSYLVANIA STATE TROOPERS ASSOCIATION, BRUCE A. EDWARDS, JOSEPH E. SARKIS, JOSEPH M. PLANT, GERALD E. WILLIAMS, JR., DAVID M. BOVA, and JAMES A. SEAMON,<br>  Plaintiffs<br><br>     v.<br><br>FRANK E PAWLOWSKI, Individually and as Commissioner of the Pennsylvania State Police, JOHN R. BROWN, Individually and as Deputy Commissioner of the Pennsylvania State Police, and JEFFREY B. MILLER, Individually and as Commissioner of the Pennsylvania State Police,<br>  Defendants | CIVIL ACTION NO. 1:09-CV-1748<br><br>Chief Judge Kane |

## MEMORANDUM ORDER

On September 30, 2011, the Court granted Defendants' motion to dismiss in part and denied the motion to dismiss in part and granted Plaintiffs leave to amend. (Doc. No. 44.) On October 14, 2011, Plaintiffs indicated that they intended to waive their right to amend their complaint. (Doc. No. 47.) On that same date, Defendants filed a motion to reconsider the Court's order granting the motion to dismiss in part. (Doc. No. 46.) The matter is now ripe for disposition, and for the reasons that follow, the Court will deny the motion for reconsideration.

In ruling on Defendants' motion to dismiss, the Court determined that Plaintiffs failed to state a claim on which relief could be granted as to their Petition Clause claims. The Court further determined, however, that because Defendants first presented their arguments regarding their motion to dismiss Plaintiffs' Freedom of Association claims in a supplemental brief to

1

which Plaintiffs did not have an opportunity to respond, that the Court could not grant the motion to dismiss on those claims. Defendants argue that the Court should reconsider its order because Defendants did in fact make arguments regarding the Freedom of Association claims in their brief in support.

A motion for reconsideration is a device of limited utility. Its purpose is to correct clear errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the Court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Rohrbach v. AT & T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996) (citation omitted). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Cont'l Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995) (citation omitted).

The Court will not reconsider its prior order. Prior to Defendants' supplemental brief,

Defendants did not make any argument specifically related to Plaintiffs' Freedom of Association claim. Rather, Defendants' brief in support of its motion for summary judgment limits any reference to Plaintiffs' Freedom of Association claims to a few stray sentences, with no citations to either the record or case law, interspersed among the discussion of the Petition Clause claims.[1] Ultimately, the Court need not consider arguments that have not been developed by the party advancing them. See Conroy v. Leone, 316 F. App'x 140, 144 n.5 (3d Cir. 2009) ("We find this undeveloped argument has been waived."); Clay v. Holy Cross Hosp., 253 F.3d 1000, 1002 n.1 (7th Cir. 2001) (holding that perfunctory and undeveloped arguments, and arguments unsupported by pertinent authority, are waived). To the extent Defendants did move to dismiss the Freedom of Association claims, the argument was undeveloped and unsupported. Therefore, the Court must conclude that reconsideration of the Court's prior order is not warranted.[2]

**ACCORDINGLY**, on this 21st day of November 2011, **IT IS HEREBY ORDERED THAT** Defendants' motion for reconsideration (Doc. No. 45) is **DENIED**.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[1] The paucity of Defendants arguments in support of their motion led Plaintiffs to argue in their brief in opposition to the motion to dismiss, which went unrebutted by Defendants, that "[i]n their Motion to Dismiss, Defendants have not sought dismissal of any claims concerning the latter First Amendment Expressive Association issues, but rather focus their attention solely on First Amendment Petitioning Activity." (Doc. No. 32 at 3-4 (emphasis in original).)

[2] Of course, Defendants are free to file a dispositive motion on the issue at a later date.